1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID RAMIREZ, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **COMPLAINT-CLASS ACTION** |
| v. | **JURY DEMAND** |
| AMAZON.COM, INC. and AMAZON.COM SERVICES LLC, | |
| *Defendants*. | |

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

**NATURE OF THE ACTION**

1.　　Advertised "sale," "list," and "reference" prices are important to consumers. Consumers are more likely to purchase an item if they think they are getting a good deal. Indeed, consumers are likely to pay *more* money than they otherwise would have if they believe they are getting a bargain.  This is especially true if consumers think that a sale will end soon, increasing the chances that they buy right away without further comparison shopping.

2.　　While there is nothing wrong with a legitimate sale, a fake one – that is, one with made-up list or reference prices, made-up discounts, and made-up expirations – is deceptive.  It is also unfair.  And, it violates Washington's consumer protection laws, which prohibit "[u]nfair methods of competition and unfair or deceptive acts or practices."  *See* Wash. Rev. Code § 19.86.020.

3.　　Amazon, the largest online retailer in the United States, is a repeat and willful offender.[1]  In March 2021, the Superior Court of the State of California entered a Final Judgment ("2021 Final Judgment") enjoining and restraining Amazon from doing anything in connection with the advertising of any advertised reference price ("ARP") that "results in the ARP being false or misleading in any particular, or results in the ARP having the tendency or capacity to deceive or mislead."  *See* Exhibit 1, at ¶ 7.  The injunction was to remain in effect from April 1, 2021 through April 1, 2024, overlapping with nearly the entirety of the class period in this case.  As discussed herein, however, Amazon flouted the Final Judgment's injunction and brazenly used, and continues to use, fake and misleading ARPs to trick consumers into believing that they are getting good bargains and spending more money than they otherwise would have.

4.　　Amazon sells millions of third-party products on its website.  Those third-party retailers sell those same products, often at various prices, on yet other third and fourth party websites and retail locations.  This action, however, concerns Amazon branded products that

---

[1] Collectively, Defendants Amazon.com, Inc. and Amazon.com Services LLC may be referred to as "Amazon" or "Defendants."

**WYATT GRONSKI** PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1   Amazon sells under its own banner on Amazon.com, where it lists itself as the retailer on

2   Amazon.com.  Specifically, the products at issue are Amazon Fire TVs and Amazon Fire TV

3   bundles[2] (collectively, "Fire TVs").

4       5.    Defendants prominently advertise purported time-limited sales that apply to all of

5   their Fire TVs.  These advertisements include purported list prices and purported discounts.

6   Typically, the fake list prices and purported discounts are accompanied by a false or misleading

7   representation that customers are getting a "Limited time deal."  The following illustrates how

8   Defendants' advertising typically looks to a customer at the time of purchase:

9



18       6.    As shown above, the "Limited time deal" icon typically appears on the sales

19   pages of the Fire TVs, suggesting falsely that customers need to act fast before the putative sale

20   disappears.  The following representations appear for *every* relevant sale in this action:

21   Defendants post 1) a percentage discount – *e.g.*, "-33%" in the above example, 2) the sales price

22

23   [2] "Fire TVs" refers to all Amazon Fire TVs and Amazon Fire TV bundles that Amazon sold
     within four years of the filing of this action.  These include, but are not limited to Amazon Fire

24   TV 4-Series 4K UHD smart TV with Fire TV Alexa Voice Remote (43", 50", 55"), Amazon
     Fire TV 2-Series HD smart TV with Fire TV Alexa Voice Remote (32", 40"), Amazon Fire TV

25   Omni Series 4K UHD smart TV (43", 50", 55", 65", 75"), Amazon Fire TV Omni QLED Series
     4K UHD smart TV, Dolby Vision IQ, Fire TV Ambient Experience (43", 50", 55", 65", 75"),

26   and all associated bundles that contain these Fire TVs, such as, e.g., Amazon Fire TV 50" Omni
     Series 4K UHD smart TV bundle with Universal Tilting Wall Mount and Red Remote Cover

27   and Amazon Fire TV Omni Series 50" with Fire TV soundbar.

28   CLASS ACTION COMPLAINT         2
     JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

- $299.98 in the above example, and 3) a "List Price" that is stricken through that is higher than the advertised sales price - $449.99 in the above example.

7.      The percentage discount (-33%) is unqualified, and contains no asterisk or disclosure next to it, suggesting falsely to a reasonable consumer that the product is offered at a 33% discount off of the regular prevailing price of the product, or, at a minimum, at a 33% discount off of the price that Amazon sold that product in the recent past.

8.      The "List Price" contains a small "i" symbol next to the stricken through price.  If a consumer clicks on the "i" or hovers their mouse over the "i", the following text appears: "The List Price is the suggested retail price of a new product as provided by a manufacturer, supplier, or seller. Except for books, Amazon will display a List Price if the product was purchased by customers on Amazon or offered by other retailers at or above the List Price in at least the past 90 days. List prices may not necessarily reflect the product's prevailing market price."



9.      In this case, the only products at issue are Amazon products where the "manufacturer, supplier, [and] seller" are all Amazon.  Accordingly, while the phrase "or offered by other retailers" applies to products Amazon offers for sale that are listed by third parties, the phrase is not applicable in this action.  Without that phrase, the sentence reads:

WYATT GRONSKI
PLLC
ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1    "Amazon will display a List Price if the product was purchased by customers on Amazon … at

2    or above the List Price in at least the past 90 days."  As discussed in detail below, this

3    representation is false and misleading, and Amazon knows it.  Each of the Fire TVs in this

4    action was sold with advertised List Price that were not sold by Amazon at or above those prices

5    in more than 90 days, making the above statement, as well as the sales prices and percentage

6    discounts, false and misleading.  As of September 10, 2024,[3] most of the Fire TVs were not sold

7    at the advertised List Prices since 2023 but were instead consistently sold well below (often

8    hundreds of dollars below) the List Prices during the class period.

9         10.    The Fire TVs are not in fact on "sale."  The advertised sales prices are not

10   "limited time deals."  The List Prices are not real.  Amazon tricks its customers into buying Fire

11   TVs by making them believe they are buying Fire TVs at steep discounts.  Amazon omits

12   critical information concerning how long putative "sales" would last, and when the List Prices

13   were actually in use, which Plaintiff and class members relied on to their detriment.  Amazon's

14   customers spent more money than they otherwise would have if not for the purported time-

15   limited bargains.

16        11.    Far from being on sale, or being sold at a discount off of List Prices, the Fire TVs

17   were *always* available for sale during the class period.  As a result, everything about

18   Defendants' price and purported discount advertising is false and misleading.  The List Prices

19   Defendants advertise are not actually Defendants' List Prices, as Amazon itself defines the term

20   and as required by the 2021 Final Judgment.  Amazon's advertising is explicitly "false or

21   misleading" and "ha[s] the tendency or capacity to deceive or mislead" as Defendant

22   Amazon.com, Inc. itself stipulated in the 2021 Final Judgment.

23        12.    As described in greater detail below, Plaintiff bought a Fire TV in February 2024

24   on Amazon.com.  Like Defendants' other customers, when Plaintiff made his purchase,

25   Defendants advertised that a limited time sale was going on, and represented that the Fire TV

26   _____

27   [3] September 10, 2024 represents the last date that counsel for Plaintiff verified the statement,
     and does not suggest that Amazon's practice changed on or after September 10, 2024.

28   CLASS ACTION COMPLAINT           4
     JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC
ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

was being sold at a steep discount, with a fake percentage discount, and with a fake List Price advertised in strikethrough font.  Based on Defendants' representations, Plaintiff believe that he was purchased a product whose List Price was what Defendants advertised, that he was receiving a substantial discount, and that the opportunity to get that discount was time-limited. These reasonable beliefs caused Plaintiff to buy the Fire TV from Defendants when he did, and to spend more money than he otherwise would have.

13.     In truth, however, the representations Plaintiff relied on were not true.  The purported List Price was not the real List Price as Amazon defined the term, the purported discount was not real, and the discount was not time-limited.  Had Defendants been truthful, Plaintiff and other customers like him would not have purchased Fire TVs, or would have paid less for them.  But for Defendants' false and misleading representations, Plaintiff and other customers would have shopped around and obtained better prices in the marketplace.

14.     Plaintiff brings this case for himself and other customers who purchased Defendants' Fire TVs.

**PARTIES**

15.     Plaintiff Ramirez is domiciled in Tampa, Florida.

16.     The proposed class includes citizens of every state.

17.     Defendant Amazon.com, Inc. is Delaware corporation with its principal office at 410 Terry Avenue N., Seattle, WA 98109-5210.  Defendant Amazon.com, Inc. operates the Amazon.com website.

18.     Defendant Amazon.com Services LLC is a limited liability company organized under the law of Delaware with its principal offices at 410 Terry Avenue N., Seattle, WA 98109-5210.  On information and belief, its sole manager is a resident of Washington state.  On information and belief, it is responsible for the customer fulfillment and customer service operations of Amazon.com.

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

**JURISDICTION AND VENUE**

19.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendants.

20.    This Court has personal jurisdiction over Defendants because they conduct substantial business and are headquartered in Washington.  A substantial portion of the events giving rise to the claims alleged here occurred in this state.

21.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Defendants are subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

**I.    Amazon's Fake Sales and Discounts**

22.    Defendants have utilized a persistent and uniform scheme to mislead consumers into believing that they are buying Fire TVs at bargain prices that are available only for a limited time, using fake List Prices and fake percentage discounts.  Indeed, Amazon used identical false and misleading marketing for all 15 Fire TVs at issue in this case.  As discussed above, every Fire TV boldly listed a percentage discount, a List Price, a sale price, and a representation that putative discounts were only being offered as a "limited time deal."  But because the percentage discounts and putative "limited time deal" referred to List Prices that were not real, the discounts and limited time deals were also not real.

23.    As discussed above, Amazon defined "List Price" as the following: "Amazon will display a List Price if the product was purchased by customers on Amazon … at or above the List Price in at least the past 90 days."  However, the advertised List Prices were not used by Amazon (or, on information and belief, any other retailer) for more than 90 days for every single Fire TV within the class period.  The following chart is illustrative:

**WYATT GRONSKI**
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

| Fire TV Name | Advertised List Price (aka ARP) | Lowest Actual Sales Price | Highest Actual Sales Price | Dates |
|---|---|---|---|---|
| **Amazon Fire TV 43" 4-Series 4K UHD smart TV with Fire TV Alexa Voice Remote, stream live TV without cable** | $369.99 | ~$250 | ~$300 | Mid October 2023-September 10, 2024 |
| **Amazon Fire TV 50" 4-Series 4K UHD smart TV with Fire TV Alexa Voice Remote, stream live TV without cable** | $449.99 | ~$290 | ~$330 | Mid October 2023-late July 2024 |
| **Amazon Fire TV 55" 4-Series 4K UHD smart TV with Fire TV Alexa Voice Remote, stream live TV without cable** | $519.99 | ~$270 | ~$380 | End of October 2023-September 10, 2024 |
| **Amazon Fire TV 32" 2-Series HD smart TV with Fire TV Alexa Voice Remote, stream live TV without cable** | $199.99 | ~$90 | ~$130 | End of July 2023-end of August 2024 |
| **Amazon Fire TV 40" 2-Series HD smart TV with Fire TV Alexa Voice Remote,** | $249.99 | ~$180 | ~$200 | End of July 2023-end of April 2024 |

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

| | | | | |
|---|---|---|---|---|
| **stream live TV without cable** | | | | |
| **Amazon Fire TV 43" Omni Series 4K UHD smart TV, hands-free with Alexa** | $399.99 | ~$250 | ~$360 | Beginning of October 2023- end of July 2024 |
| **Amazon Fire TV 50" Omni Series 4K UHD smart TV, hands-free with Alexa** | $479.99 | ~$280 | ~$430 | Middle of October 2023- September 10, 2024 |
| **Amazon Fire TV 55" Omni Series 4K UHD smart TV, hands-free with Alexa** | $549.99 | ~$300 | ~$450 | Middle of October 2023- late June 2024 |
| **Amazon Fire TV 65" Omni Series 4K UHD smart TV with Dolby Vision, hands-free with Alexa** | $759.99 | ~$470 | ~$650 | Middle of October 2023- middle of August 2024 |
| **Amazon Fire TV 75" Omni Series 4K UHD smart TV with Dolby Vision, hands-free with Alexa** | $1,049.99 | ~$730 | ~$860 | Middle of October 2023- middle of August 2024 |
| **Amazon Fire TV 43" Omni QLED Series 4K UHD smart TV, Dolby Vision IQ, Fire TV Ambient** | $449.99 | ~$380 | ~$400 | Middle of October 2023- September 10, 2024 |

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

| | | | | |
|---|---|---|---|---|
| **Experience, hands-free with Alexa** | | | | |
| **Amazon Fire TV 50" Omni QLED Series 4K UHD smart TV, Dolby Vision IQ, Fire TV Ambient Experience, local dimming, hands-free with Alexa** | $529.99 | ~$350 | ~$430 | Early June 2023-middle of July 2024 |
| **Amazon Fire TV 55" Omni QLED Series 4K UHD smart TV, Dolby Vision IQ, Fire TV Ambient Experience, local dimming, hands-free with Alexa** | $599.99 | ~$420 | ~$470 | Late October 2023-early September 2024 |
| **Amazon Fire TV 65" Omni QLED Series 4K UHD smart TV, Dolby Vision IQ, Fire TV Ambient Experience, local dimming, hands-free with Alexa** | $799.99 | ~$550 | ~$700 | Late October 2023-September 10, 2024 |
| **Amazon Fire TV 75" Omni QLED Series 4K UHD smart TV, Dolby Vision IQ, Fire TV Ambient** | $1,099.99 | ~$880 | ~$1,000 | Early August 2023-September 10, 2024 |

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

| Experience, local dimming, hands-free with Alexa | | | | |
|---|---|---|---|---|
| | | | | |

24.     For all time periods in the table above where the time period ends on September 10, 2024, that date represents the last verified date of the actual sales prices at which Fire TVs were sold.  The use of that specific date does not imply that the same practices did not continue after that date.  For time periods that end prior to September 10, 2024, at the conclusion of those time periods, it was Amazon's practice to hike up the actual sale price of the relevant Fire TV to the List Price for an extremely short period, *in some instances as short as literally one day*, and then immediately to lower the actual sales price back down to the normal sales prices.  Amazon conducted these short spikes in price up to the List Price solely for the purpose of trying to make the stated List Prices literally true, even if in practice customers were deceived by Amazon's omission of the material fact that the referenced List Prices were only available for such a short period of time as to virtually amount to not being available at all.  As depicted above, however, many of the Fire TVs have not been anywhere near the advertised List Prices for a year or more.  For every single Fire TV, the representation that the List Price reflects a price that Amazon sold the item at within the preceding 90 days is literally false.

25.     The 2021 Final Judgment specified that "false and misleading" and "having the tendency or capacity to deceive or mislead shall mean … [u]sing the ARP nomenclature 'List Price' or some other marketing term such as 'Retail Price' in order to indicate a price provided to Defendants by a third-party such as a manufacturer, supplier or seller … unless (1) a clear and conspicuous hyperlink links to a clear and exact definition of the term, as used by Defendants in their advertising."  *Id.*  The Final Order also enjoined Amazon from "[a]dvertising an ARP for

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1  longer than the timeframe in the definition of the ARP." Amazon brazenly used List Prices

2  while the 2021 Final Judgment was in effect that did not meet Amazon's own definition of what

3  the List Price meant, and "for longer than the timeframe in the definition of the ARP." In effect,

4  Amazon has stipulated that the acts and practices at issue here are "false and misleading" and

5  had the "tendency or capacity to deceive or mislead."

6        26.     Using these tactics, Amazon led reasonable consumers to believe that they will

7  get a discount on the Fire TVs they are purchasing if they purchase during the limited-time

8  promotion. In other words, it leads reasonable consumers to believe that if they buy now, they

9  will get a product worth X at a discounted, lower price Y. This creates a sense of urgency: buy

10  now, and you will receive something worth more than you pay for it; wait, and you will pay

11  more for the same thing later. Further, reasonable consumers believe that the List Prices that

12  Defendants advertise represent the amount that consumers usually have to pay for Defendants'

13  goods, or have had to pay for those goods within the last 90 days, before the sale began, and will

14  again have to pay for Defendants' goods when the sale ends. Said differently, reasonable

15  consumers reasonably believe that, prior to the supposedly time-limited sale, consumers had to

16  pay the List Price to get the item and did not have the opportunity to get a discount from that

17  List Price.

18        27.     Reasonable consumers also believe that they are receiving reductions from

19  Defendants' regular prices in the amounts, and percentages, advertised. In truth, however, the

20  advertised price discounts are false and misleading because the items are on sale for more than

21  90 days at a time, often for over a year and counting.

22        28.     Amazon's webpage has a dedicated page titled "Strike-Through Pricing and

23  Savings."[4] On that page, Amazon states:

24        Items on Amazon may display a List Price, Typical Price, or other strike-
           through pricing information where it can help inform customer shopping
25         decisions.

26

27  ────────────────────
    [4] https://www.amazon.com/gp/help/customer/display.html?nodeId=GQ6B6RH72AX8D2TD

28  CLASS ACTION COMPLAINT                       11
    JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

Amazon aims to provide clear, accurate pricing information to customers. Amazon bases savings off of validated reference prices, and we most commonly display a List Price or Typical Price on product pages to show related savings. Using verifiable reference prices is a common practice among retailers. Amazon verifies reference prices to help customers make informed purchasing decisions based on savings calculations.

The **List Price** (also known as the Manufacturer's Suggested Retail Price, or MSRP) is the suggested retail price of a new product as provided by a manufacturer, supplier, or seller. Similarly, a **Bundle List Price** is the List Price for a bundle of products, or the sum of the List Prices for the items in that bundle. Except for books, Amazon will only display a List Price if the product was purchased by customers on Amazon or offered by other retailers at or above the List Price in the past 90 days for non-seasonal products (like TVs and headphones) and in the past 180 days for seasonal products (like ski jackets and shoes). While many retailers use List Prices (or MSRP) these values may not necessarily reflect the prevailing market price of a product.

29.     Amazon is in effect admitting that customers use List Prices to "help inform customer shopping decisions."  The List Prices are purportedly there to "help customers make informed purchasing decisions based on savings calculations."  As discussed above, however, because Amazon uses bogus List Prices for Fire TVs, customers that rely on Amazon's List Prices are incorrectly make savings calculations, expecting to save money even though they are not.  By using false and misleading List Prices, and by omitted critical information as to the true nature and function of its List Prices, Amazon ensures that its customers are not making "informed" decisions but are instead spending more money than they otherwise would have buying a product that they believe is more expensive than it really is.

## II.     Amazon's Advertisements Violate Washington Law

30.     Defendants' website has a choice of law and choice of venue clause in a contract on Amazon's website titled "Conditions of Use."  Every sale of Fire TVs at issue here is subject to Defendants' choice of law and choice of venue clause, requiring the application of Washington law to this dispute and for any dispute to be brought in this Court.  The terms applicable to Fire TV purchases are attached as Exhibit 2.

CLASS ACTION COMPLAINT                    12
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

31.     The Conditions of Use contain a "Pricing" section that states that "'List Price' means the suggested retail price of a product as provided by a manufacturer, supplier, or seller. We regularly check List Prices against prices recently found on Amazon and other retailers." With respect to the Fire TVs, to the extent that Amazon actually "checked" the List Prices against prices found on Amazon, it failed to adjust them as discussed herein even though the List Prices were bogus.  And, the actual List Prices used by Amazon as discussed herein are not real "suggested retail prices" of Fire TVs, as Amazon has full control over its retail prices but does not, in fact, sell the Fire TVs at "suggested retail prices."  Instead, Amazon sells Fire TVs at perpetual "sales" prices while using bogus List Prices to trick consumers into believing that they are getting a bargain.

32.     The Conditions of Use also contain "Disputes" and "Applicable Law" sections. The "Disputes" section states, "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts. We each waive any right to a jury trial."  The "Applicable Law" section states, "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."

33.     Amazon also has a dedicated page for Fire TVs titled "Amazon Fire TV Terms." Exhibit 3.

34.     That page states that "[i]f you place an order for, register, or use Fire TV, you agree to the following terms: Amazon Device Terms of Use (if the device is developed and manufactured by Amazon … Amazon.com Conditions of Use."  Each of the underlined terms are active links.  The Conditions of Use links to the Conditions of Use page described above. The Amazon Device Terms of Use link goes to the page displayed at Exhibit 4.

35.     On the Amazon Device Term of Use page, the page contains a "Dispute" section that states as follows: "**Any dispute or claim arising from or relating to this Agreement, an**

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

**Amazon Device, the Software, the Digital Content, or the Services is subject to the dispute resolution, governing law, disclaimer of warranties, limitation of liability, and all other terms in the Amazon.com Conditions of Use (https://www.amazon.com/conditionsofuse)."**

36.     Both the Amazon Device Term of Use and Conditions of Use pages state that they constitute agreements between Defendant Amazon.com Services LLC and the customers that, as applicable here, purchase or use Amazon Fire TVs.

37.     Accordingly, pursuant to Amazon's standard contract of adhesion on its website, Washington law governs any claims of Plaintiff and any customers nationwide regarding their use or purchase of Fire TVs, without regard to principles of conflicts of law.

38.     Washington's Consumer Protection Law prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.86.020. An act is unfair if "(1) it causes or is likely to cause substantial injury that (2) consumers cannot avoid and that (3) is not 'outweighed by countervailing benefits'" to consumers or competition. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wash. App. 594, 628 (2017). And an act is deceptive if it constitutes "a representation, omission or practice that is likely to mislead' a reasonable consumer." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 50 (2009).

39.     Defendants' fake discount scheme is unfair. As discussed above, Defendants advertise fake discounts and false list prices that induce consumers to purchase their Fire TVs and cause them substantial economic injury. Reasonable consumers, who rely on Defendants to provide accurate and truthful information about sales and pricing, cannot reasonably avoid this injury.  And Defendants' fake discounts offer no countervailing benefits—misrepresenting products' prices harms both consumers and honest competition.

40.     Defendants' fake discount scheme is also deceptive. Defendants have stipulated as such under the 2021 Final Judgment.

41.     The Federal Trade Commission's regulations on pricing confirm that Defendants' fake discount scheme is unfair and deceptive. The regulations prohibit false or misleading

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

"former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

42.    So, Defendants' business practices are deceptive, unfair, and fraudulent and are therefore banned by Washington law.

**III.    Amazon's Advertisements Harm Consumers**

43.    Based on Defendants' advertisements, reasonable consumers expect that Defendants' List Prices are former prices at which Defendants actually sold their Fire TVs within the preceding 90 days before the discounts were introduced for a limited time; that they are the prevailing prices for the Fire TVs; and that they represent the true market value of the Fire TVs.

44.    Reasonable consumers also expect that, if they purchase during the sale, they will receive (at a discount) Fire TVs whose market value is the regular, non-discounted price. For example, for items that are purportedly 33% off, reasonable consumers would expect that they are receiving a 33% discount as compared to the regular list price, and that the items have a market value of 33% more than what they are spending.

45.    As explained above, however, Plaintiff and class members' reasonable expectations were not met.  Instead of receiving Fire TVs with a market value equal to the alleged regular list prices, they received items worth less. In addition, instead of receiving a significant discount, Plaintiff and the class received little or no discount. Thus, Defendants' false advertisements harm consumers by depriving them of the reasonable expectations to which they are entitled.

46.    While Defendants disclosure in the "i" link next to a given List Price states that "List prices *may* not necessarily reflect the product's prevailing market price," reasonable consumers come away from the overall advertising and pricing scheme believing that, with

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

respect to Fire TVs – items for which Amazon is the sole retailer, supplier, and manufacturer – the List prices in fact do reflect the Fire TVs' prevailing market rate.  As the "i" disclosure also says, the "List Price is the suggested retail price of a new product as provided by a manufacturer, supplier, or seller," all of whom are Amazon in this instance.  Coupled with Amazon's representation that the List Prices supposedly reflect prices Amazon sold the Fire TVs within the last 90 days, customers are lead to believe that customers actually bought Fire TVs at Amazon's suggested retail price very recently, despite that not being true.  That reasonable belief is, in this instance, synonymous with a reasonable belief that the List Prices for Fire TVs represent their prevailing market price.

47.    Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[5] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[6]  Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[7]

48.    Thus, Defendants' advertisements harm consumers by inducing them to make purchases they otherwise would not have made, based on false information.  In addition, Defendants' advertisements artificially increase consumer demand for Fire TVs. This puts upward pressure on the prices that Defendants can charge for their Fire TVs.  As a result, Defendants charge a price premium for their Fire TVs, that they would not be able to charge absent the misrepresentations described above.  So, due to Defendants' misrepresentations, Plaintiff and the class paid more for the Fire TVs they bought than they otherwise would have.

---

[5] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/

[6] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

[7] https://cxl.com/blog/creating-urgency/

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

## IV.     Plaintiff Was Misled By Amazon's Misrepresentations

49.     On February 6, 2024, Plaintiff purchased an Amazon Fire TV 50" 4-Series 4K for $299.99 on Amazon's website.  Plaintiff made this purchase while living in Florida.  When Plaintiff made the purchase, the webpage stated that the product was being offered for "-33%" and was being offered under a "Limited time deal."  The webpage also advertised a List Price of $449.99, with the $449.99 in strikethrough text.  In other words, Plaintiff saw, reviewed, and relied on the same types of advertising and price promotions that Amazon made for all of its Fire TVs as discussed herein.  Unbeknownst to Plaintiff, at the time he made his purchase, the Fire TV he had purchased had never been offered for sale by Amazon at its advertised List Price within the preceding 90-day period, making Amazon's representation that "the product was purchased by customers on Amazon or offered by other retailers at or above the List Price in at least the past 90 days" literally false.

50.     Based on Amazon's advertising, Plaintiff believed at the time of sale that the Fire TV he was purchasing was being sold for $150 off (-33%) of its retail or regular market price, and that he could only take advantage of this sale if he acted quickly.

51.     Plaintiff read and relied on Defendants' representations on Defendants' website, specifically that the Fire TV was being offered at a discount for a limited time and had higher regular and usual prices, and that he would be receiving a price reduction by buying now.  Based on Defendants' representations described and shown above, Plaintiff reasonably understood that the Fire TV he was purchasing regularly (and before the promotion Defendants were advertising) retailed at the published list prices, that these published list prices were the market value of the Fire TV that he was buying; that he was receiving the advertised discount and a price reduction as compared to the regular price, and that advertised discount was only available for a limited time (during the limited time promotion).  Plaintiff would not have made the purchase if he had known that the Fire TV was not discounted as advertised, and that he was not receiving the advertised discount.

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

52.     Plaintiff faces an imminent threat of future harm. Plaintiff would purchase a Fire TV from Amazon again in the future if he could feel sure that Amazon's list prices accurately reflected Amazon's regular prices and former prices, prices at which the Fire TVs sold at within the last 90 days, and the market value of the Fire TVs, and that their discounts were truthful. But without an injunction, Plaintiff has no realistic way to know which — if any — of Amazon's list prices, discounts, and sales are not false or deceptive.  For example, while he could watch a sale for a few days to see if the sale would last, doing so could result in him missing out on the sale (*e.g.*, if the sale is actually limited in time, and not permanent). Accordingly, Plaintiff is unable to rely on Amazon's advertising in the future, and so cannot purchase the Fire TVs he would like to purchase.

## V.     Amazon Breached Its Contract With Plaintiff And The Putative Class

53.     When Plaintiff and other members of the putative class purchased and paid for the Fire TVs they bought as described and shown above, they accepted offers that Defendants made, and thus, a contract was formed at the time that they made a purchase. The offer was to provide Fire TVs having a particular listed regular price and market value, and to provide those Fire TVs at the discounted price advertised.  The contract also includes the terms of the Conditions of Use and Amazon Device Term of Use, which, as discussed above, state that the advertised "List Price" "means the suggested retail price of a product as provided by a manufacturer, supplier, or seller" – all of whom are Amazon in this instance.  Neither the Conditions of Use or the Amazon Device Terms of Use say anything about the List Price purportedly not representing a market or prevailing price.

54.     Defendants' website and price quotes list the supposed retail or market value of the items that Defendants promised to provide, and promise that the List Prices were actually in use within the last 90 days.  Defendants agreed to provide a discount equal to the difference between the regular price listed by Defendants, and the price paid by Plaintiff and putative class members.  For example, Defendants offered to provide to Plaintiff a Fire TV with a regular price and market value of $449.99, for a discounted price of $299.99; and to provide a discount of

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

$150 or "-33%."  Defendants offer was based on the representation that the $449.99 price was actually in use over the last 90 days.

55.     The regular (or "list") price and market value of the item Plaintiff and the putative class members would receive, and the amount of the discount they would be provided off the regular price of the item, were specific and material terms of the contracts.  They were also affirmations of fact about the Fire TVs and a promise relating to the goods.

56.     Plaintiff and other members of the putative class performed their obligations under the contracts by paying for the items they purchased.

57.     Defendants breached their contracts by failing to provide Plaintiff and other members of the putative class with Fire TVs that have a regular (or "list") price and market value equal to the regular price displayed, and by failing to provide the discount they promised.

**VI.    No Adequate Remedy At Law**

58.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff also seeks an injunction.  Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.  Legal remedies here are not adequate because they would not stop Defendants from continuing to engage in the deceptive practices described above.  In addition, a legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  For example, to recover under a breach of contract theory, Plaintiff must show the existence of a contract.  This is not required for the equitable claims.  Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones.  For example, the need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

## CLASS ACTION ALLEGATIONS

59.     ***Class Definition:*** Plaintiffs bring this action on behalf all people in the following Class:  all persons who, within the applicable statute of limitations, purchased one or more Fire TVs when such TVs had not been sold at the List Price within the prior 90 days.

CLASS ACTION COMPLAINT                                19
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

60.     The above class definition is a placeholder that "may be altered or amended before final judgment." Fed. Civ. P. 23(c)(1)(C).  Subject to additional information obtained through further investigation and discovery, the foregoing class definition may be expanded or narrowed by amendment or in the motion for class certification, including through the use of multi-state subclasses if necessary.  Plaintiff is proceeding under Fed. R. Civ. P. 23(b)(1), (2), and (3) and believes that class certification may be appropriate under each section.

61.     Specifically excluded from the putative classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

62.     ***Numerosity.***  Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, the Class includes thousands of consumers. The precise number of Class Members and their identities are unknown to the Plaintiff at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants or other means.

63.     ***Commonality and Predominance***.  Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

        (a)     Whether Defendants made false or misleading statements of fact in their advertisements;

        (b)     Whether Defendants made misleading omissions of fact in their advertisements;

        (c)     Whether Defendants violated Washington's consumer protection statutes;

        (d)     Whether Defendants  committed a breach of contract;

        (e)     Whether Defendants intended to deceive consumers;

        (f)     Whether Defendants are liable to Plaintiff and Class members under the causes of action alleged in this complaint; and

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

(g)     Whether Plaintiff and Class members are entitled to any of the forms of relief they seek in this action.

64.    ***Typicality.***  The claims of the Plaintiff are typical of the claims of the Class in that Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct, as alleged above.

65.    ***Adequacy***.  Plaintiff will fairly and adequately protect the interests of Class members.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.  Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed class members.

66.    ***Superiority***.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Class; the Class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

67.    Defendants have acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

68.    Without a class action, Defendants will continue a course of action that will result in further damages to the Plaintiff and Members of the Class and will likely retain the benefits of their wrongdoing.

## COUNT I
### Violations of the Washington Consumer Protection Act: RCW Chapter 19.86

69.    Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

70.    Plaintiffs bring this cause of action individually and on behalf the Class.

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

71.     Defendants have violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

72.     Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

73.     Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

74.     Defendants engage in the conduct of trade or commerce within the meaning of the CPA. Defendants do this by selling Fire TVs in a manner that directly and indirectly affects people of the state of Washington.  Further, Defendants has forced consumers nationwide, including Plaintiff, to agree to a choice of law provision requiring the application of Washington law to this dispute, as alleged above.

75.     As alleged more fully above, Defendants made and disseminated untrue and misleading statements of facts in their advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

Unfair Acts of Practices

76.     As alleged in detail above, Defendants committed "unfair" acts by falsely advertising that their Fire TVs were on sale, that the sale was limited in time, that the Fire TVs had higher regular prices, market values, and List Prices used within the last 90 days and that customers were receiving discounts, when none of this was true.  This caused Plaintiff and the Class to make purchases they otherwise would not have made, pay more for their purchases, and deprived them of their expectancy interest in receiving the Fire TVs as advertised.

77.     The harm to Plaintiff and the Class greatly outweighs the public utility of Defendants' conduct. There is no public utility to misrepresenting the price of a consumer

CLASS ACTION COMPLAINT          22
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

product. Plaintiff and the Class's injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

Deceptive Acts of Practices

78.    As alleged in detail above, Defendants' representations that their Fire TVs were on sale, that the sale was limited in time, that the Fire TVs had higher regular prices, market values, and List Prices used within the last 90 days, and that the customers were receiving discounts were false and misleading.

79.    Defendants' representations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers.  Defendants knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

80.    Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Fire TV. Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision.

81.    In addition, Class reliance can be inferred because Defendants' misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy the Fire TVs.

82.    Defendants' misrepresentations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

83.    Plaintiff and the Class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Fire TVs if they had known the truth, (b) they overpaid for the Fire TVs because the Fire TVs were sold at a price premium due to the misrepresentation and omissions, and/or (c) they did not receive the discounts they were promised, and received Fire TVs with market values and List Prices lower than the promised market values and List Prices.

84.    Defendants' acts or omissions are injurious to the public interest because these practices were committed in the course of Defendants' business and were committed repeatedly

CLASS ACTION COMPLAINT                      23
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd., Suite 260
Issaquah, WA 98027
425.395.7784

before and after Plaintiff purchased Defendants' Fire TV.  They are part of a pattern of unfair and deceptive advertisements.  These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

<u>**COUNT II**</u>
**Breach of Contract**

85.     Plaintiff incorporates and realleges each preceding paragraphs as though fully set forth herein.

86.     Plaintiff brings this cause of action individually and on behalf the Class.

87.     Plaintiff and class members entered into contracts with when they placed orders to purchase Fire TVs from Defendants.

88.     The contracts provided that Plaintiff and Class members would pay Defendants for the Fire TVs ordered.

89.     The contracts further required that Defendants provide Plaintiff and Class members with Fire TVs that have a former price used within the prior 90 days, and a market value, equal to the advertised List Price. They also required that Defendants provide Plaintiff and the Class members with the advertised specific discount. These were specific and material terms of the contracts.

90.     Plaintiff and Class members paid Defendants for the Fire TVs they ordered, and satisfied all other conditions of their contracts.

91.     Defendants breached the contracts with Plaintiff and Class members by failing to provide Fire TVs that had a former price used within the prior 90 days, and a market value, equal to the advertised List Price, and by failing to provide the promised discounts. Defendants also failed to abide by the implicit covenant of good faith and fair dealing.

92.     As a direct and proximate result of Defendants' breaches, Plaintiff and Class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1

2

### COUNT III
### Quasi-Contract/Unjust Enrichment

3

4      93.      Plaintiff incorporates and realleges each preceding paragraph as though fully set

5   forth herein.

6      94.      Plaintiff brings this cause of action in the alternative to his Breach of Contract

7   claim (Count II). Plaintiff brings this cause of action individually and on behalf the Class.

8      95.      As alleged in detail above, Defendants' false and misleading advertising caused

9   Plaintiff and the Class to purchase the Fire TVs and to pay a price premium for these products.

10     96.      In this way, Defendants received a direct and unjust benefit, at Plaintiff's

11  expense.

12     97.      (In the alternative only), due to Defendants' misrepresentations, their contracts

13  with Plaintiff are void or voidable.

14     98.      Plaintiff and the Class seek restitution, and in the alternative, rescission.

15

### COUNT IV
### Intentional Misrepresentation

16

17     99.      Plaintiff realleges and incorporates the above allegations by reference as if set

18  forth fully herein.

     100.      Plaintiff brings this cause of action individually and on behalf the Class.

19

20     101.      As alleged more fully above, Defendants made false representations and material

21  omissions of fact to Plaintiff and Class members concerning the existence and/or nature of the

    advertised discounts and savings.

22

23     102.      The representations were false.

24     103.      When Defendants made these misrepresentations, they knew that they were false

    at the time that they made them and/or acted recklessly in making the misrepresentations.

25

26     104.      Defendants intended that Plaintiff and Class members rely on these

27  representations and Plaintiff and Class members read and reasonably relied on them.

28

CLASS ACTION COMPLAINT                           25
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

105.     In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, *i.e*., a reasonable consumer would consider them important in deciding whether to buy the Fire TVs.

106.     Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

107.     Plaintiff and the Class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Fire TVs if they had known that the representations were false, and/or (b) they overpaid for the Fire TVs because the products were sold at a price premium due to the misrepresentation.

**COUNT V**
**Negligent Misrepresentation**

108.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

109.     Plaintiff brings this cause of action individually and on behalf the Class in the alternative to the intentional misrepresentation claim (Count IV).

110.     As alleged more fully above, Defendants negligently made false representations and material omissions of fact to Plaintiff and Class members concerning the existence and/or nature of the advertised discounts and savings.

111.     The representations were false.

112.     When Defendants made these misrepresentations, they knew that they were false at the time that they made them and/or acted negligently in making the misrepresentations.

113.     Defendants intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them.

114.     In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, *i.e*., a reasonable consumer would consider them important in deciding whether to buy the Fire TVs.

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

115.    Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

116.    Plaintiff and the Class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Fire TVs if they had known that the representations were false, and/or (b) they overpaid for the Fire TVs because the products were sold at a price premium due to the misrepresentation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.   For an order certifying the Class and naming Plaintiff as the representative of the Class

b.   For an order declaring Defendants' conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.   For actual, compensatory, statutory, treble, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution, rescission, disgorgement, and all other forms of equitable monetary relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, pre and post judgment interest, and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  September 12, 2024                           Respectfully submitted,

_/s/    Todd Wyatt_

**WYATT GRONSKI PLLC**
Todd Wyatt (Bar No. 31608)
371 NE Gilman Blvd., Suite 260

CLASS ACTION COMPLAINT                        27
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1

Issaquah, WA 98027
Phone: 425-395-7784
E-Mail: todd@wdlawgroup.com

2

3

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (Cal. Bar No.
295032)*
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

4

5

6

7

**SMITH KRIVOSHEY, PC**
Joel D. Smith (Cal. Bar No. 244902)*
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

8

9

10

*To be admitted *Pro Hac Vice*

11

*Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

28

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784