UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIA LASHLEY et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM INC. et al., <br><br> Defendants. | CASE NO. 2:24-cv-01444-LK <br><br> ORDER GRANTING STIPULATED MOTION TO STAY PROCEEDINGS |

This matter comes before the Court on the parties' Stipulated Motion to Stay Proceedings. Dkt. No. 25. Plaintiffs Antonia Lashley and Michael Stratford filed a putative class action challenging allegedly misleading sales practices by Defendants Amazon.com Inc. and Amazon.com Services LLC (collectively, "Amazon"). *See* Dkt. No. 24.

Plaintiffs allege that Amazon offers certain products as marked down from higher "List Prices" when in fact it never offers those products at the higher prices. *Id.* at 5. Plaintiffs also allege that Amazon falsely labels these purportedly discounted prices as "limited time deals" to create a sense of urgency in buyers, when in reality the discounted prices are "not time-limited." *Id.* at 6–13. Plaintiffs allege that this conduct violates the Washington Consumer Protection Act ("CPA"),

ORDER GRANTING STIPULATED MOTION TO STAY PROCEEDINGS - 1

which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* at 23–25 (quoting Wash. Rev. Code § 19.86.020). In addition to the CPA claim, Plaintiffs assert claims for breach of contract, quasi-contract/unjust enrichment, intentional misrepresentation, and negligent misrepresentation. *Id.* at 25–28. The parties seek to stay proceedings in this action until the United States Court of Appeals for the Ninth Circuit issues a final decision in the related pending case *Montes v. SPARC Group, LLC*. Dkt. No. 25 at 1.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

As the parties note, the plaintiff in *Montes* alleged that the defendant, who owns the retailer Aéropostale, "perpetually advertises nearly all products with significant discounts of 50–70% from a false reference price in order to trick customers into believing the advertised 'sale' price represented a special bargain from Aéropostale's usual and 'regular' prices." Dkt. No. 25 at 2 (quoting *Montes v. Sparc Grp. LLC*, Case No. 2:22-CV-0201-TOR, 2023 WL 4140836, at *1 (E.D. Wash. June 22, 2023)). After the district court granted the defendant's motion to dismiss, the plaintiff appealed the decision to the Ninth Circuit, where the case is currently pending. *See Montes v. Sparc Grp., LLC*, No. 23-35496 (9th Cir.). The plaintiff/appellant has also requested that the

Ninth Circuit certify the question of whether a fictitious former price claim is actionable under the CPA to the Washington State Supreme Court. *Id.*, Dkt. No. 4 (9th Cir. Oct. 11, 2023).

The Court finds that a stay pending the Ninth Circuit's decision in *Montes* is appropriate. The Court agrees that the Ninth Circuit's decision in *Montes* "could affect the viability of Plaintiffs' claims, the arguments Amazon will make in [its] motion to dismiss, and the arguments Plaintiffs will make in their opposition to a motion to dismiss." Dkt. No. 25 at 3; *accord McDaniel v. Brooklyn Bedding LLC*, No. 3:24-cv-05100-LK, 2024 WL 4494891, at *1–2 (W.D. Wash. Oct. 15, 2024). The Court also agrees that "a stay is warranted to conserve judicial resources and avoid unnecessary litigation expenses" because a decision in *Montes* could affect the Court's ruling on Amazon's forthcoming motion to dismiss. Dkt. No. 25 at 3. Based on the record before it, the Court finds that the parties will not be prejudiced by the delay, and the efficiencies achieved by waiting for the Ninth Circuit's decision in *Montes* outweigh any potential delay that might occur.

For the foregoing reasons, the Court GRANTS the parties' stipulated motion. Dkt. No. 25. This case is STAYED until the United States Court of Appeals for the Ninth Circuit issues a ruling in *Montes v. Sparc Group, LLC*, No. 23-35496. The parties are ORDERED to submit a joint status report within 14 days of the Ninth Circuit's ruling in that case.

Dated this 30th day of December, 2024.

Lauren King
United States District Judge